UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES E. LOWMAN, ET AL | CIVIL ACTION NO. 10-cv-1603 |
| VERSUS | JUDGE WALTER |
| MICHAEL WHITAKER, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Three self-represented plaintiffs filed this action against several defendants. Two of those defendants are Jerry Whitaker and Jerry Whitaker Timber, LLC. Mr. Whitaker signed and filed an answer that was said to be on behalf of him individually and for Jerry Whitaker Timber Contractor, LLC. The answer denied the allegations in the complaint and asserted that neither Mr. Whitaker nor his company (the "Whitaker LLC") were involved in the tract of land described in the Plaintiffs' complaint.

The Clerk of Court docketed the answer (Doc. 5) as such for Mr. Whitaker, but it issued a notice of deficiency (Doc. 7) to the extent the answer purported to be on behalf of the Whitaker LLC. The Clerk explained that only an individual such as Mr. Whitaker may be self-represented. That is consistent with the law. Almost all courts have held that 28 U.S.C. § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Rowland v. California Men's Colony, 113 S.Ct. 716, 721 (1993). The Fifth Circuit has long followed the rule that corporations, partnerships or other "fictional legal persons" cannot appear for themselves

personally but must be represented by licensed counsel. Southwest Express Co. v. Interstate Commerce Commission, 670 F.2d 53, 55 (5th Cir. 1982). See also Memon v. Allied Domecq Qsr, 385 F.3d 871, 873 (5th Cir. 2004); U.S. v. Trowbridge, 251 F.3d 157 (5th Cir. 2001); and KMA, Inc. v. General Motors Acceptance Corp., 652 F.2d 398, 399 (5th Cir. 1981).

There is no indication that the answer filed by the Whitaker LLC was signed by a person who is an attorney admitted to the bar of this court. The Fifth Circuit has affirmed a district court that struck defenses offered by an entity that purported to appear through a non-lawyer. Donovan v. Road Rangers Country Junction, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984). But the Court suggested in Memon that a district court should expressly warn or formally order the entity to retain counsel before the court takes the harsh measures of striking pleadings or dismissing claims with prejudice. Memon, 385 F.3d at 874.

The notice issued by the Clerk of Court allowed the Whitaker LLC 10 days to file a proper answer, and it warned that the answer could be stricken unless corrected. The permitted time passed, but the Whitaker LLC did not file an answer through an admitted attorney. In the meantime, Plaintiffs obtained an entry of default as to the Whitaker LLC. Docs. 21 and 22.

Defaults are not favored by the law, and it is possible the notice issued by the Clerk did not sufficiently explain to the Whitaker LLC the defect in its answer and how to cure it. Also, the LLC's answer was noted as deficient but had not actually been stricken at the time

of the entry of default. Based on those circumstances, the court exercised its discretion to set aside the entry of default. See Doc. 23.

The court, in the order that set aside the default, set out the above law and discussion about the inability of Mr. Whitaker to represent the LLC. It then directed: "Jerry Whitaker Timber, LLC (or Jerry Whitaker Timber Contractor, LLC, as identified in the answer) is ordered to file an answer or responsive motion signed by an admitted attorney no later than February 11, 2011." The order also warned:

> If the Whitaker LLC does not file a proper answer or motion by that date, the court will strike the deficient answer now of record. Plaintiffs will thereafter be able to again request entry of default. The entry of a default could lead to a money judgment against the Whitaker LLC, so this matter should be given serious attention.

The February 14 deadline has passed, but the Whitaker LLC did not file an answer, motion, or any other submission. There has been no activity on the docket sheet since the court's last order. Accordingly, as promised in the order, the **Answer (Doc. 5)** is **stricken** to the extent it purports to be on behalf of Jerry Whitaker Timber, LLC, Jerry Whitaker Timber Contractor, LLC, or any other entity. The answer remains valid as to Jerry Whitaker, individually.

THUS DONE AND SIGNED, at Shreveport, Louisiana on this 16th day of February, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE