

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES E. LOWMAN, ET AL | CIVIL ACTION NO: 10-1603 |
| VERSUS | JUDGE DONALD E. WALTER |
| RICKY WHITAKER, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are Motions for Summary Judgment filed by Brady Timber Corp. ("Brady Timber"), Evergreen Timber Corp. ("Evergreen Timber"), and Jerry Whitaker and Jerry Whitaker Timber Contractor, LLC. [1] [Doc. #106, 108, and 111]. Plaintiffs failed to provide a timely opposition. For the reasons assigned herein, Brady Timber, Evergreen Timber, Jerry Whitaker, and Jerry Whitaker Timber Contractor LLC's motions for summary judgment [Docs. #106, 108, and 111] are hereby **GRANTED**.

In the alternative, Defendants' Motions to Dismiss Plaintiffs' claims for Failure to Comply with Orders of this Court [Docs. #120 and 127] are hereby **GRANTED**.

---

[1] Jerry Whitaker Timber Contractor, LLC, was not clearly named by the Plaintiffs as a Defendant in this lawsuit in either the original or Amended Complaint. Plaintiffs name Jerry Whitaker Timber, LLC, in the caption of their Complaint. A very slight distinction. However, the Plaintiffs do mention Jerry Whitaker Timber Contractor, LLC, in paragraph 8 of their Complaint. When Jerry Whitaker was served he attempted to answer on behalf of himself and Jerry Whitaker Timber Contractor, LLC. [Doc. #5]. The court advised Jerry Whitaker that he could not represent Jerry Whitaker Timber Contractor, LLC in pro se. [Doc. #23]. When an answer was not filed Plaintiffs sought the entry of a default judgment against Jerry Whitaker Timber, LLC. [Doc. #20]. As requested, the default was entered. [Doc. #27]. The court later granted a motion to set aside the default and granted leave to Jerry Whitaker to file an amended answer through retained counsel and on behalf of Jerry Whitaker Timber Contractor, LLC. [Doc. #79]. Thereafter, Jerry Whitaker Timber Contractor, LLC filed an answer to the Complaint. This combined with the one mention of "Jerry Timber Contractor, LLC" in the original Complaint is sufficient to properly consider Jerry Whitaker Timber Contractor, LLC, a party to this litigation.

## STATEMENT OF THE CASE

1. **Factual Background**

This case involves claims by Plaintiffs of trespass, destruction of private property, and timber theft. Plaintiffs Charles E. Lowman, Robert Lowman, and Juanita Lowman Neal are siblings and citizens of Michigan who each own contiguous tracts of land in DeSota Parish, Louisiana. The land in question comprises approximately twenty acres and was populated with timber bearing trees. Centered in the middle of the land was the former homestead of the Plaintiffs' late great-grandfather. In April of 2009 Charles E. Lowman visited the land and verified that merchantable timber was still standing. In November 2009, the siblings contacted a local forester to value the land and harvest the mature timber. When the forester went out to evaluate the timber he found that the majority of the land had been cleared and the timber stolen. Plaintiffs Charles E. Lowman and Robert Lowman immediately traveled to Louisiana to investigate the matter and found their timber cut and removed, their land damaged, and the former homestead destroyed.

Plaintiffs assert claims against Michael Whitaker, Ricky Whitaker, and Jerry Whitaker for trespassing on their land and illegally harvesting their twenty acres of timber.[2] Plaintiffs allege that these Defendants were acting in concert with Brady Timber and Evergreen Timber to facilitate the theft of their timber, thus rendering Brady Timber and Evergreen Timber vicariously liable for damages.

---

[2] Although no official filing has been made with the Court, it appears from the affidavit of Ricky Whitaker that Michael Whitaker is deceased.

2. **Procedural Background**

This case has a long and tortured procedural history. Plaintiffs filed their original Complaint on October 21, 2010. After the proper parties were served and answers were filed, a scheduling order was issued setting the original dispositive motion deadline for November 1, 2011, and jury trial on February 21, 2012. Brady Timber and Evergreen Timber timely filed Motions for Summary Judgment [Docs. #42 and 45]. Plaintiffs filed an untimely oppositions to these motions. [Doc. #48]. On December 27, 2011, Jerry Whitaker and Jerry Whitaker Timber Contractor, LLC filed a motion to enroll counsel. On December 29, 2011, Brady Timber and Evergreen Timber filed Motions to Dismiss Plaintiffs' Claims for Failing to Comply with the Court's Scheduling Order. [Doc. #63 and 64]. Brady Timber and Evergreen Timber argued that Plaintiffs had failed to meet the court's deadline to provide witness lists, expert reports, or host the required conference to prepare the pretrial order. *Id.* On January 5, 2012, Jerry Whitaker and Jerry Whitaker Timber Contractor, LLC, filed a Motion for Leave to File a Dispositive Motion beyond the Deadline. [Doc. #69]. On January 18, 2012, Plaintiffs filed a Motion to Continue the Trial and retained counsel filed a concurrent motion to enroll on their behalf. [Doc. #82 and 83]. The court granted the motion to enroll and the motion continue the trial date.

On January 31, 2012, a status conference was held to discuss all outstanding motions. Plaintiffs were represented by their newly enrolled attorney. Counsel appeared on behalf of Brady Timber, Evergreen Timber, Jerry Whitaker, and Jerry Whitaker Timber Contractor, LLC. Ricky Whitaker appeared pro se. [Doc. #92]. The issue of whether Plaintiffs' claims met the requirements of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) was addressed. Plaintiffs' counsel was instructed to file an Amended Complaint setting forth a clearer statement of their claims

3

and relief sought. Due to the volume of motions, apparent lack of discovery by the numerous pro se parties (Plaintiffs and Defendants), and the recent enrollment of counsel on behalf of the Plaintiffs and Defendants Jerry Whitaker and Jerry Whitaker Timber Contractor, LLC, the Court issued an entirely new scheduling order resetting all deadlines. [Doc. #96].

On June 15, 2012, Defendants Brady Timber, Evergreen Timber, Jerry Whitaker and Jerry Whitaker Timber Contractor, LLC, timely filed Motions for Summary Judgment under the new scheduling order. [Docs. #106, 108, 111]. However, two days prior, Plaintiffs' attorney, Howell D. Jones, IV, filed a Motion to Withdraw from his representation. [Doc. #105]. The Court initially denied Mr. Jones' request to withdraw his representation because he did not provide sufficient information. [Doc. #114]. Mr. Jones corrected the issues raised by the Court.

On July 2, 2012, the Magistrate Judge granted Mr. Jones' motion to withdraw. [Doc. #116]. In the same order the Magistrate Judge strongly encouraged the Plaintiffs to retain new counsel, and set a deadline of July 31, 2012, for Plaintiffs to either (1) enroll new counsel to represent them, or (2) file a written statement with the court of their intent to represent themselves. *Id.* Plaintiffs were warned that failure to take either step prior to July 31, 2012, could result in their case being dismissed for failure to prosecute. *Id.* Plaintiffs were informed that if they elected to represent themselves that they would be responsible for complying with all applicable deadlines and rules, and were directed to a copy of the rules on the Court's website. *Id.* Finally, the Magistrate Judge extended the Plaintiffs' deadline to respond to the pending motions for summary judgment until August 14, 2012. *Id.*

Plaintiffs failed to file a timely response to the motions for summary judgment. On August 16, 2012, the court received a package from Plaintiffs which contained two affidavits – one from

Charles E. Lowman, and a second from James Baldwin. [Doc. #122].[3][4][5] On August 17, 2012, the court received Plaintiffs' Opposition to Summary Judgment, which incorporates a Motion for Sanctions against the Defendants under FRCP 37 for allegedly failing to provide discovery. [Doc. #124].[6]

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A fact is "material" if it may affect the outcome of the suit under

---

[3] The court notes that the affidavits are post marked August 15, 2012, a day after the deadline to submit an opposition to the pending motions for summary judgment.

[4] The affidavit of Charles E. Lowman sets forth allegations of attorney misconduct by his previously retained counsel; specifically, that counsel failed to pursue the litigation in a manner agreeable to him. Plaintiffs' allegations have no bearing on the decision of this court. The Court clearly set forth their continuing obligation to diligently pursue their civil suit despite their dismissal of counsel and were provided an extension of time to respond to the pending motions for summary judgment. If Plaintiffs believe that the performance of their former counsel prejudiced their case they may pursue relief in the appropriate forum.

[5] Defendants Brady Timber, Evergreen Timber, and Jerry Whitaker have filed Motions to Strike the affidavit of James Baldwin. [Docs.# 126 and 128], which are denied as moot in light of this memorandum ruling.

[6] It appears that Plaintiffs mailed their opposition on August 14, 2012. However, to be timely a filing must be received by the clerk's office on the due date. "A document filed in paper form is deemed filed by the Court on the date the document is received by the clerk's office." WDLA Local Rule 5.7.03. Plaintiffs' Motion for Sanctions is denied in a separate order.

[7] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this court will rely on it accordingly.

5

governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. WDLA Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise

statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." WDLA Local Rule 56.2.

The Plaintiffs in this case proceed pro se. Courts construe pleadings filed by pro se litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Under this standard pleadings filed by pro se litigants are entitled to a liberal construction that affords all inferences which can be drawn from them. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Nevertheless, the notice provided by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Louisiana are considered sufficient to advise pro se Plaintiffs of their burden in timely opposing a summary judgment motion.

Despite Plaintiffs failure to file a timely response, summary judgment may not be awarded simply by default. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). The movant of a motion for summary judgment ultimately has the burden of establishing the absence of a genuine issue of material fact, regardless of whether an opposition has been filed. *Id.* However, in determining whether summary judgment is proper, this court may accept as undisputed all facts set forth in the unopposed motion. *See Eversley v. M Bank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

This is an unfortunate case because it appears undisputed that someone cut the standing timber on the twenty acres of land owned by the Plaintiffs. However, Plaintiffs must litigate their case and cannot rely on mere allegations contained in their Complaint. This court is obliged to follow the rule of law without sympathy or compassion. As civil litigants Plaintiffs are required, despite their pro se status, to comply with all deadlines set forth by this court.

This court granted extraordinary leniency to Plaintiffs by resetting all deadlines (including discovery and dispositive deadlines) over the objection of Brady Timber and Evergreen Timber in an effort to ensure that Plaintiffs were provided a full and fair opportunity to litigate their claims.[8] The court cannot continue to grant leniency to the Plaintiffs in meeting deadlines simply because they are pro se. This court is no respecter of persons, and corporations are entitled to the same fair consideration under the law as individuals. It would be prejudicial and unfair to the Defendants for the court to once again grant leniency to the Plaintiffs in meeting their obligations to this Court. Accordingly, this Court will review the merits of the pending motions for summary judgment without consideration to Plaintiffs' untimely response and will accept as true all undisputed statements of material fact submitted by the Defendants pursuant to WDLA Local Rule 56.2.

## LAW AND ANALYSIS

In a case founded in diversity of citizenship the court must apply the substantive law of the forum state. *Citigroup, Inc. v. Federal Insurance Company*, 649 F.3d 367 (5th Cir. 2011). In determining the applicable state law the court must look to the decision of the forum state's highest court, or in the absence thereof, the court must make an *Erie* guess as to how the state's highest court would resolve the issue. *Id; see Erie R. Co. v. Tompkins*, 58 S.Ct. 817 (1938).

Plaintiffs allegations against Brady Timber, Evergreen Timber, Jerry Whitaker, and Jerry Whitaker Timber Contractor, LLC are set forth in their Amended Complaint as follows: "Ricky Whitaker, Michael Whitaker, Jerry Whitaker, Evergreen Timber, [] and Brady Timber did remove,

---

[8] Plaintiffs recently filed yet another Motion to Modify the Scheduling Order to Reopen Discovery [Doc. #133], which is denied by separate order.

convey and sell the stolen timber, to IP, using lies, deceptive and misleading practices, with the sole intent of selling stolen timber and with no intent of paying Plaintiffs for their timber". [Amended Complaint at 30]. "Upon information and belief, Ricky Whitaker, Michael Whitaker, and/or Jerry Whitaker was/were at all times acting as an agent(s) of and for Evergreen Timber and/or Brady Timber Company thereby rendering the latter vicariously liable for the actions of the former." [Amended Complaint at 30.2].

Louisiana Revised Statute 3:4278.1 sets forth liability for timber theft as follows:

It shall be unlawful for any person to cut, fell, destroy, remove or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract of agreement.

*See also Sullivan v. Wallace*, 859 So.2d 245 (La. App. 2 Cir. 2003). Thus, by the terms of the statute Plaintiffs must demonstrate that Defendants either participated directly in the removal of the timber or that an employee or agent participated in the removal of their timber.

If an employer/employee relationship exists the employer will be responsible for the torts of its employees committed during the course and scope of their employment. *Pender v. Elmore*, 855 So.2d 930 (La. App. 2 Cir. 2003). In determining whether an employer/employee relationship exists the most important element for the court to consider is the right to exercise control and supervision over an individual. *Savoie v. Fireman's Funds Ins. Co.*, 347 So.2d 188 (La. 1977). Factors to consider in making this assessment include the manner in which a worker is selected, the method of payment of wages, and the power of control or ultimately dismissal. *Pender*, 855 So.2d at 937.

9

While corporations are vicariously liable for their employees they are not liable for the actions of an independent contractor. *Oliveaux v. St. Francis Medical Center*, 889 So.2d 1264 (La. App. 2d Cir. 2004). Important factors in determining whether an independent contractor relationship exists include: (1) whether there was a valid contract between the parties; (2) whether work to be done is of such an independent nature that the contractor may employ nonexclusive means in accomplishing it; (3) whether a contractor has the authority to complete his work using his own methods, except as to the result; (4) whether a specific price is agreed upon for the overall project; and (5) whether the duration of work is for specific amount of time and not subject to termination or discontinuance at the will of either side without corresponding liability for its breach. *Hickman v. Southern Pac. Transport Co.*, 262 La. 102 (1972).

Defendants Brady Timber and Evergreen Timber move for summary judgment arguing that neither corporation committed any overt acts against the Plaintiffs, and therefore, they cannot be held liable unless the court finds that Ricky Whitaker, Michael Whitaker, or Jerry Whitaker were acting as their employees or agents when they allegedly cut down their timber. Brady Timber and Evergreen Timber argue that absolutely no evidence exists to demonstrate that either entity had an independent contractor relationship with the Whitakers, much less an employer/employee relationship.

Because the Plaintiffs failed to file a timely response the facts as set forth in Brady Timber and Evergreen Timber's Statement of Material Facts are accepted as true for the purposes of this motion. The Whitaker brothers conducted business by bringing harvested timber to a local mill where it would be exchanged for a scale ticket. [Docs. #106-7 and 108-7]. The scale ticket would then be brought to Evergreen Timber who would purchase the ticket for a fee. *Id.* Evergreen Timber

would then resell the scale tickets to Brady Timber, who ultimately received payment from International Paper. The selling of scale tickets is common practice in the timber industry. *Id.* Neither Evergreen Timber nor Brady Timber inspected the timber in question, and neither company was involved in the cutting, logging, or selling of the timber on Plaintiffs' land, nor did they direct anyone else to take such action. *Id.* No one from either company trespassed on Plaintiffs property, nor did they destroy any improvements thereon. *Id.* Evergreen Timber has no knowledge of whether or not they purchased scale tickets from the Whitakers for timber allegedly cut from the Plaintiffs' property.

In response to the allegation that the Whitakers were acting as the agents Brady Timber and/or Evergreen Timber rendering each vicariously liable Brady Timber and Evergreen Timber argue in support of summary judgment and set forth in their statement of material facts that neither company has employed the Whitakers, nor do they supervise or control any aspect of their work. *Id.* Although Plaintiffs allege that Brady Timber and Evergreen Timber are vicariously liable for the acts of one or more of the Whitakers they have offered no proof that an employee or agency relationship existed between either party. An allegation made in a Complaint is just that – an allegation. Because Brady Timber and Evergreen Timber satisfied their burden of pointing out the lack of evidence in the record to support Plaintiffs' claims, the burden shifted to the Plaintiffs to submit or refer to specific facts to demonstrate that a genuine issue for trial exists. *See Celotex*, 477 U.S. at 325. Plaintiffs may not rest upon the allegations in their Complaint, but must identify specific facts that establish a genuine issue for trial. *Little*, 37 F.3d 1069, 1075. Plaintiffs have failed to offer any specific facts or evidence to support the allegations contained in their Complaint. Thus, Brady Timber and Evergreen Timber are entitled to summary judgment in their favor

dismissing Plaintiffs' claims against them with prejudice.

Jerry Whitaker argues that summary judgment is appropriate because Plaintiffs have presented no evidence to support their allegation that he trespassed on their land or cut down their timber. Jerry Whitaker notes that although Michael Whitaker and Ricky Whitaker are his brothers, they have never been employees of his timber company. In fact, in an affidavit Ricky Whitaker states that he and Michael Whitaker were the individuals who entered Plaintiffs' land and cut down their timber. [Doc. #111-6, Ricky Whitaker Affidavit]. Ricky Whitaker states in his affidavit that he and Michael Whitaker committed these acts on their own and were not accompanied by Jerry Whitaker, nor were they working as employees for Jerry Whitaker Timber Contractor, LLC. *Id.*

Plaintiffs have offered no evidence to support their allegation that Jerry Whitaker trespassed on their land or removed their timber or that Ricky Whitaker and/or Michael Whitaker were acting as employees or agents of Jerry Whitaker Timber Contractor, LLC. The Court agrees with the argument of Jerry Whitaker that it appears that he and his business were included in this lawsuit merely because he is the brother of the alleged perpetrators of the timber theft, which is insufficient to support a claim against him. Accordingly, Jerry Whitaker and Jerry Whitaker Timber Contractor, LLC are entitled to summary judgment dismissing Plaintiffs' claims with prejudice.

## FAILURE TO PROSECUTE

In the alternative, the Court will grant Defendants' Motions to Dismiss Plaintiffs' Claims for Failure to Comply with the Orders of the Court. [Docs. #120 and 127]. As discussed *supra*, the Plaintiffs have repeatedly failed to comply with deadlines set by the Court and were warned of the potential ramifications for future transgressions.

## CONCLUSION

For the reasons assigned herein, Plaintiffs claims against Brady Timber Corp., Evergreen Timber Corp., Jerry Whitaker, and Jerry Whitaker Timber Contractor, LLC, are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this 31st day of August, 2012.

*/s/ Donald E. Walter/*
DONALD E. WALTER
UNITED STATE DISTRICT JUDGE