UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHARLES E. LOWMAN, ET AL                    CIVIL ACTION NO. 10-cv-1603

VERSUS                                       JUDGE WALTER

JERRY WHITAKER TIMBER, LLC, ET AL            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

The unrepresented Plaintiffs in this civil action named several defendants and accused them of misappropriation of timber. The court recently granted summary judgment with respect to some of the defendants. Claims remain against unrepresented defendants Ricky Whitaker and Michael Whitaker, who have filed answers (Docs. 9 and 10) but nothing else. Plaintiffs filed a Notice of Appeal with respect to the court's summary judgment ruling. They now present a **Motion to Stay Pending Appeal (Doc. 147)** in which they acknowledge that any such stay rests in the discretion of the court. After review of the record, the undersigned finds that the best discretion of the court is to not issue a stay, so the motion is **denied**.

Generally, in a suit that involves multiple claims and/or parties, a judgment or order is final and appealable only if it resolves all claims against all parties. Bader v. Atl. Int'l, Ltd., 986 F.2d 912, 915 (5th Cir. 1993). Plaintiffs acknowledge that they filed their appeal before all claims against all parties were resolved, so there has not been a final judgment that would provide appellate jurisdiction. Accordingly, it is quite likely the Fifth Circuit will

eventually dismiss Plaintiffs' appeal for lack of jurisdiction. An appeal will probably not be proper in this case until the claims against the two remaining defendants have been resolved and a final judgment entered. Thus, a stay to await the Plaintiff's hoped for reversal on appeal will likely serve no purpose.

Plaintiffs also filed a letter (Doc. 148) and requested directions from the court. They express frustration that the two remaining defendants have not cooperated or communicated with them or responded to any of their letters. Trial is currently set for January 28, 2013. Doc. 136. Plaintiffs suggest that they are not prepared to proceed with that trial, so the trial date is **continued**, along with the pretrial conference and the deadline for filing a pretrial order.

Plaintiffs are advised that the defendants are not obligated to respond to their letters or otherwise communicate with them other than as required by the Federal Rules of Civil Procedure. In an effort to give Plaintiffs a fair and reasonable opportunity to prepare for trial, and to determine whether the two remaining Defendants are serious about defending this lawsuit, the period for **discovery is reopened**.

Plaintiffs may serve on the two remaining Defendants written interrogatories pursuant to Federal Rule of Civil Procedure 33, requests for production of documents pursuant to Rule 34, requests for admissions pursuant to Rule 36, or other discovery requests permitted by the rules. Defendants will then be obligated to respond within 30 days or as otherwise provided by the applicable rule. If they do not do so, Plaintiffs may file a motion to compel pursuant to Rule 37. Plaintiffs are reminded that any such motion must include a certification that

they in good faith conferred or attempted to confer with the other party in an effort to resolve the discovery dispute. If Plaintiffs prevail on such a motion to compel, the court will issue an order that directs the Defendant(s) to respond to the discovery by a deadline. If a Defendant fails to comply with that court order, Plaintiffs may file a motion for sanctions pursuant to Rule 37(b)(2) and request relief that includes striking the answer of a Defendant and rendering a default judgment.

The period for discovery will remain open until **February 28, 2013**. Plaintiffs should promptly commence any efforts at discovery. Defendants, of course, may also demand discovery from Plaintiffs. Once the time for discovery has passed, the court will issue additional orders regarding a trial date, if needed, and related deadlines.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of December, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE